GREENE COUNTY.

OCTOBER AND NOVEMBER TERM, 1883, No. 38.　　OCTOBER 3, 1883.

## Bane *et al. v.* Sutton.

1. Where the grantee in a deed, which had never been recorded, voluntarily and fraudulently destroyed the deed and the notes which he had given to the grantor for the purchase money without the con-

[Bane *et al. v.* Sutton.]

sent of the grantor, but with the express purpose of avoiding payment of the notes, and of giving up to his vendor all interest in the property conveyed, and followed this by delivery of possession to the grantor and her tenants; *Held* in ejectment by the grantor against the heirs of the grantee who had regained possession that this was not the case of a parol sale from the grantee to the grantor, so as to permit the statute of frauds to defeat the effect of the grantee's act.

2. The act of spoliation, followed by the subsequent action of the parties, estopped the grantee and his heirs from invoking, by parol proof, the aid of the deed so destroyed.

3. The heirs of the grantee are estopped, notwithstanding a part of the purchase money had been paid.

4. Evidence of declarations made by the grantee after the alleged destruction of the deed, that an instrument in his possession was the deed in question, was properly excluded.

5. Evidence of the possession by the grantee of money in the year preceding the sale sufficient to cover the consideration is immaterial.

6. Evidence to contradict a witness upon an immaterial point will not be admitted.

Before MERCUR, C. J.; GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. PAXSON, J., absent.

Error to Court of Common Pleas of *Greene County.*

Ejectment by Maria Sutton against Phoebe Bane, Elizabeth Johnson, Richard Johnson, Mary Johnson, William Johnson, and I. N. Johnson for certain rooms, being part of a hotel property situate on the north-west part of lot No. 121, in the borough of Waynesburg, in Greene county.

On the trial in the Court below before WILLSON, P. J., the following facts appeared:

On January 14, 1868, Maria Sutton, the plaintiff, purchased from Dr. D. W. Braden the property in dispute. She made improvements upon the property and used it as a hotel, calling it "The Sutton House." When the plaintiff commenced the hotel business, she employed Lewis N. Johnson as bar-keeper and general manager, and as such he continued in her employ until May or June, 1871, when she went to the West. She returned in the fall of 1871, and became housekeeper for Johnson.

The plaintiff showed title from Braden and rested. The defendants then produced evidence to show that immediately before starting for the West, plaintiff executed a deed to Johnson for the hotel property; that Johnson died, and his title vested in defendants; that after search, the deed could not be found; that the consideration money was $4,000; that a large package of money was handed by Johnson to Mrs. Sutton at the time of the delivery of the deed, and that this package was said by the parties to be the consideration money.

[Bane *et al. v.* Sutton.]

Plaintiff, in rebuttal, offered to prove by Jonathan Witlatch and Robert King " that they heard Maria Sutton several times demand the payment of the purchase money for the property in dispute from Lewis N. Johnson, and Lewis N. Johnson's admission that he owed it and wasn't able to pay it, and if she collected it, it would sell him out and break him up ; and her repeated statements to him that if he didn't pay the money, that she would enter the notes against the property and collect it, and that after they had conversed upon it on several occasions for two or three weeks in this way, Mrs. Sutton said to Lewis that she would delay the matter no longer —that she would either have the money or enter the notes, and that Lewis got up and says : 'I'll soon fix it,' and went out, and came back in a few moments with the deed and the notes, and put them in the stove and burned them up, and says : 'There, now, you are paid. You have got your property back just as you had it before.' This to be followed by evidence that Lewis Johnson then rented the house for the purpose of keeping a hotel, and had it under rent from that time until his death. This for the purpose of showing that Mr. Johnson had surrendered the property to Mrs. Sutton for a valuable consideration, and that he had never paid the purchase money, and for the purpose of estopping the defendants from setting up any title they may have under the alleged deed from Maria Sutton to Johnson."

This testimony was admitted under exception.

(First assignment of error.)

The plaintiff then gave evidence of the facts set forth in the offer, and fixed the date about February, 1872.

*John B. Parker,* for the plaintiff, testified that he had a conversation with Johnson after plaintiff returned from the West, about a purchase of the property, that Johnson said " what was yet due from him would have to be advanced," that he said $3,000, the balance of the purchase money, would have to go Mrs. Sutton, and that in a later conversation he said he had " burned the article, the deed, and the notes."

Numerous other witnesses testified to subsequent declarations and acts of Johnson, going to show that he claimed no ownership in the property, and that he was in possession under a parol lease from the plaintiff, and that she paid for repairs.

Defendants, in sur-rebuttal, called *Samuel H. Montgomery,* who testified that after February, 1872, he saw

VOL. III.—12.

what Johnson represented to be the deed on the day of the sale.

They then offered to prove by him "that this deed, which he has testified to, was presented to him by Lewis N. Johnson, for the purpose of satisfying him, the witness, who was then acting as counsel for the assignee of Hiram Smith in the sale of some property that Mr. Johnson was talking about buying; that Mr. Johnson showed to him that deed for the purpose of satisfying him, as the counsel for the assignee, that he was able to buy and pay for the property which was then up for sale, and that he asserted that it was the deed for this corner property to him from Maria Sutton. For the purpose of showing the strong probability that this was the deed that Mr. Montgomery saw executed and delivered in the spring of 1871, there being no evidence that there was any other deed from Mrs. Sutton to Lewis N. Johnson than the one in question."

Objection by plaintiff.

THE COURT. "So far as you confine your offer to Johnson, having shown the deed to the witness, of course it is competent, if he saw it. So far as you offer to prove the identity of the deed with that he saw executed, by the declaration of Johnson, I don't think it is competent. So far as you offer to show that the deed was exhibited to Mr. Montgomery, of course your offer is competent, and the purpose for which it was offered to him may be also stated, but Johnson's declaration at the time as to the paper will not have any weight. Objection sustained and exception sealed."

(Second assignment of error.)

Defendants then offered to prove by *Legitt Moredock* "that he saw Mr. Lewis N. Johnson have in his possession, and as his money, in 1870, a large package of money, to the amount of upwards of $5,000. This, for the purpose of showing the ability of Lewis N. Johnson to purchase and pay for the property in dispute in the spring of 1871, and for the further purpose of repelling the allegation of the plaintiff that notes were given for the balance of the purchase money."

Objection by plaintiff sustained and exception sealed.

(Third assignment of error.)

Defendants offered in evidence the record of the Court of Quarter Sessions for the year 1871, showing that Lewis Johnson hadn't a license in February, 1872, for the purpose of contradicting Whitlatch and "Bobby" King, who

[Bane *et al. v.* Sutton.]

testified that the bar was open, and that he was selling liquor and had license.

Objection by plaintiff sustained.    Exception.

(Fourth assignment of error.)

The defendants gave evidence of declarations of the plaintiff subsequent to February, 1872, admitting ownership in Johnson and payments of the consideration money by him.

Johnson died in July, 1877, intestate.    The defendants, as his heirs, after his funeral, obtained possession of certain rooms in the hotel, for the possession of which this suit was begun, and have continued in possession of them ever since.

The deed from Mrs. Sutton was never recorded.

Plaintiff's counsel requested the Court to charge, *inter alia*, as follows:

"*First.* If the jury believe from the evidence that the alleged deed from the plaintiff to Lewis Johnson for the property in dispute was not recorded, and that the said Lewis Johnson did not pay the plaintiff all the purchase money for said property, and that the said Lewis Johnson gave to the plaintiff a note or notes for the whole or a part of said purchase money, and that when the plaintiff demanded the payment of the purchase money, the said Lewis Johnson declared that he was not able to pay the same, and that then the plaintiff then replied to him that she would enter up said note or notes and collect the same, and that the said Lewis Johnson then replied to plaintiff that he could easy fix that, and then and there went and took possession of said note or notes without the consent of the plaintiff, and voluntarily destroyed both the deed and note or notes by throwing them into the stove and burning them, and that the said Lewis Johnson, when in the act of burning the said deed and note or notes, declared to plaintiff that ' now the property is yours, as it was before ; you are paid for the property,' or words of like effect ; and that the plaintiff was then in and upon the premises, and from that time onward continued in possession of the whole premises thus given to her by the act of the said Lewis Johnson ; and that then, or soon thereafter, she became the landlord of the said Lewis Johnson, and so continued until his death, when the defendants, or some of them, on returning from his funeral, entered into the house and remained there, and in this way got possession of that part of the premises now in dispute ; and that after the destruction of the deed and note or notes as aforesaid, the

[Bane *et al. v.* Sutton.]

said Lewis Johnson became the tenant of the plaintiff, and was such at his death ; and if they so find the facts, the said Lewis Johnson and the defendants claiming the property as his heirs are estopped from setting up against the plaintiff the said deed, and from establishing by parol proof that the deed ever existed, and from showing the contents thereof by parol proof, as a lost deed, and the said deed is no bar to the plaintiff's recovery, and this is true even if the said Lewis Johnson did not actually burn the said deed, as he declared he did, when he threw the papers into the stove and burned the same, if the jury find the fact that he declared he burned the deed and notes."

*Answer.* Affirmed.

" *Second.* If the jury find the facts as stated in the first point, and should also find the further fact that the said Lewis Johnson, at the delivery of the said deed, paid to plaintiff a part of the purchase money, the said plaintiff is not bound to restore, or to offer to restore, the same to the said Lewis Johnson or to defendants, and the defendants claiming as his heirs are estopped from setting up the same to prevent the plaintiff from recovering, and the plaintiff having shown a good and sufficient title in herself prior to the alleged making and alleged delivery of the said deed to the said Lewis Johnson, she is entitled to recover."

*Answer.* Affirmed.

Defendant's counsel requested the Court to charge, *inter alia,* as follows :

" *Second.* If the deed and notes for purchase money were destroyed by Johnson, and if this was done with the acquiescence of the plaintiff and for the purpose of rescinding the original sale and revesting the title in her, it would amount in substance to a parol sale, and the plaintiff could recover only upon showing such acts of performance as would be necessary to take an ordinary parol sale out of the statute of frauds and perjuries."

*Answer.* Refused.

" *Third.* There is no evidence before the jury from which they can properly find such acts of part performance as would be necessary to take a parol sale out of the statute of frauds and perjuries."

*Answer.* Refused.

April 14, 1882. Verdict for plaintiff for the premises described in the writ, upon which judgment was afterwards entered.

Defendants then took out a writ of error, and assigned

[Bane *et al. v.* Sutton.]

the four errors as set forth above, the answers to plaintiff's first and second points, and to the defendants' second and third points.

*Wyly, Buchanan & Walton,* and *Garrison & Downey* for plaintiffs in error.

A surrender for a valuable consideration is a re-sale, and is within the statute of frauds. Therefore, it could not be proved by parol. Surrender implies a previous estate in the person to whom the surrender is made ; but no such estate existed in defendant in error. Plaintiffs in error are not estopped from setting up a title in themselves. Wright's Appeal, 3 Out., 425, Story's Eq. Juris., s. 1543.

The declarations of Johnson that his deed was in existence after the time it was alleged to have been destroyed are admissible in evidence. 2 Wharton on Ev., s. 1102 ; Potts *v.* Everhart, 2 Casey, 497 ; Louden *v.* Blythe, 4 Harris, 532.

The fact that Johnson had money is evidence to rebut the insinuation that the money paid belonged to Mrs. Sutton.

The mere destruction of the deed would not revest the title in the grantor. Sheppard's Touchstone, 53, (eighth edition ;) Hudson's Case, Prec. in Chancery, 235 ; Bolton *v.* Carlisle, 2 H. Bl. 259 ; Gilbert's Eq. Cas., 235 ; Bull's Nisi Prius, 267 ; Miller *v.* Gilleland, 7 Harris, 122 ; Washabaugh *v.* Entriken, 12 Casey, 513 ; Miranville *v.* Silverthorn, 12 Wr., 147 ; Botsford *v.* Morehouse, 4 Conn., 550 ; Raynor *v.* Wilson, 6 Hill, 469 ; Jackson *v.* Chass, 2 Johns, 84 ; Marshall *v.* Fisk, 6 Mass., 24.

*A. A. Purman* for defendant in error.

The testimony showed that Johnson had destroyed his evidence of title under such circumstances that he was estopped from impeaching the title of Mrs. Sutton. Com. *v.* Dudley, 10 Mass., 403 ; Lawrence *v.* Stratton, 6 Cush., 169 ; Thompson *v.* Thompson, 9 Ind., 328 ; Speer *v.* Speer, 7 Ind., 178 ; Farrar *v.* Farrar, 4 N. H., 191.

Declarations of deceased persons in their own favor are not admissible. Wharton on Ev., Vol. 2, s. 1168 ; 2 Best on Ev., s. 519 ; Douglass *v.* Mitchell, 11 Casey, 445 ; Allegheny *v.* Nelson, 1 Casey, 333 ; Wharton on Ev., s. 1101, 547, 559 ; Hood *v.* Hood, 2 Grant, 233 ; Stevens *v.* Beach, 12 Vt., 585 ; Hildeburn *v.* Curran, 15 P. F. Sm., 59 ; 1 Green on Ev., s. 4481 ; Griffith *v.* Eshelman, 4 Watts, 51 ; Elliott *v.* Boyles, 7 Casey, 65.

[Bane *et al. v.* Sutton.]

The voluntary destruction of the deed prevents the grantee and his heirs from showing the destruction or loss. Stoddard *v.* Chambers, 2 How, 284; Tyler on Ejectment, 73–74. The destruction of the notes was a fraud on defendant in error, and plaintiffs cannot take advantage of the fraud. Lane *v.* Reynard, 2 S. & R., 66; Sims *v.* Irvine, 3 Dallas, 456; Patterson *v.* Yeaton, 47 Maine, 314; 2 Washb. on Real Prop., 616; Speer *v.* Speer, 7 Ind., 178; Thompson *v.* Thompson, 9 Ind., 328; 1 Watts, 250; 18 Verm., 466; Brown on Statute of Frauds, s. 61; 17 Pick., 215; 4 N. H., 191; 24 *Id.*, 252; 1 Greenleaf on Ev., s. 265; 3 Norris, 394; 10 Barr, 527; 4 Casey, 131; 3 Norris, 394; Addison, 390; Bispham's Eq., 260; Brown, St. of Fr., s. 438; 2 Story's Eq., s. 700; 14 Norris, 52; 8 Wr., 9; 1 Hilliard's Am. Law, 244; 3 Head, 562; 8 Shep., 160; Fry on Specific Perf., 247, (second Am. Ed.;) Bigelow on Estoppel, 600–607; Tyler on Ejectment, 165–6; 1 Sugden on Vendors, 257; 12 Casey, 513; 12 Wr., 147; 12 Metc., 494; 13 Am. L. Reg. N. S., 453; 4 Kent's Com., 269, note *a;* 2 Sm. L. C., 536–538; 4 Am. L. Reg., N. S.; 5 *Id.*, 509; 16 *Id.*, 403, and notes.

Defendant in error has the legal title, and may rebut any supposed equity without violating the Statute of Frauds. Myers *v.* Myers, 1 Casey, 100.

OCTOBER 22, 1883.—PER CURIAM: It is conceded that at one time the defendant in error was the undoubted owner of the property in question, and in the exclusive possession thereof. The plaintiffs in error claim title under her, and sought to prove it by parol evidence. Under the facts found by the jury, and on sufficient evidence, we think they could not defend their possession under the deed which Johnson once held, but which he had voluntarily and fraudulently destroyed. It had never been recorded. He had not paid the purchase money. With the express purpose of avoiding payment of the notes which he had given for the purchase money, and with the avowed purpose of giving up to his vendor all interest in the property, he burned the notes and the deed, declaring to his vendor as he threw them in the stove: "Now the property is yours, as it was before." She gave no consent to this destruction. She had no previous knowledge of his intention—having destroyed her evidence of his indebtedness. She accepted the situation. He gave possession to her, which she and her tenants retained until after his death. It is not the case of a parol sale from Johnson to Mrs. Sutton, so as to per-

[Hoskinson *et al. v.* Miller.]

mit the Statute of Frauds to defeat the effect of his act. It is such an act of spoliation, followed by the subsequent action of the parties, as to estop him and his heirs from invoking the aid of that deed. He did not attempt to do it. They cannot defend a possession improperly obtained under it. We discover no error in the record.

Judgment affirmed.